John L. MARSHALL, Libelant,

v.

OVE SKOU REDERI A/S, a corporation, and the S.S. BIRGITTE SKOU, her engines, hull, tackle, cargo, and appurtenances thereof, Respondents,

The Travelers Insurance Company, a corporation, Intervenor.

No. 3112.

United States District Court
S. D. Alabama, S. D.

Oct. 27, 1965.

Ross Diamond, Jr., Diamond & Lattof, Mobile, Ala., for libelant.

Alex T. Howard, Jr., of McCorvey, Turner, Johnstone, Adams & May, Mobile, Ala., for respondents.

W. Boyd Reeves, of Armbrecht, Jackson & DeMouy, Mobile, Ala., for intervenor.

DANIEL HOLCOMBE THOMAS, District Judge.

This libel is brought to recover damages for personal injuries sustained by libelant, a longshoreman. The injury occurred when a structural steel beam slipped from its sling while being loaded into the hold of the S.S. Birgitte Skou.

## FINDINGS OF FACT

1. On March 23, 1963, libelant was a member of a work gang employed by the Cooper Stevedoring Co. for the loading of the S.S. Birgitte Skou in the Port of Mobile. The vessel was docked in navigable waters, and within the admiralty and maritime jurisdiction of this court.

2. The cargo being loaded was structural steel of various shapes and sizes. The beam that fell was described as an "I" beam, thirty to forty feet long and weighing approximately two tons.

3. The beams were loaded by means of a sling attached to a crane. The sling was constructed of cable and chains. The cable extended from the crane and had a steel ring attached to the end. From the steel ring there extended two cables, each of which was approximately five feet in length. At the end of each cable a six-foot chain was attached. Hooks were fastened to the free ends of the chain.

4. The beam which fell was too long to permit lowering into the hold on a parallel. An angular descent was effected by wrapping one chain twice around the high end of the beam while taking a single turn around the lower end with the other chain.

5. There was no evidence of external force striking the beam in the process of its descent, nor was there evidence of negligence on the part of the crane operator.

6. The libelant was working in the hold when the beam slipped from the grip of the sling and fell into the hold. The beam struck another beam on which the libelant was standing, and caused his right ankle joint to be fractured on account of the upward motion of the struck beam.

7. Expert testimony differed on the question of whether an all-cable sling would have resulted in a stronger grip on the beam. The evidence revealed that the chain type sling is still in use and no similar incident has occurred.

## CONCLUSIONS OF LAW

A ship owner is under an absolute non-delegable duty to furnish to the longshoreman a safe and seaworthy vessel. Seas Shipping Co., Inc. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946). The requirement of seaworthiness is satisfied by furnishing those appliances which are reasonably suitable and adequate for the purpose. The best or safest appliances are not required. Doucette v. Vincent, 194 F.2d 834 (1st Cir. 1952). The law does not impose upon the shipowner the burden of an insurer or the duty to provide an accident-proof ship. The standard is not perfection but reasonable fitness. Mitchell v. Trawler Racer, Inc., 362 U.S. 539, 80 S.Ct. 926, 4 L.Ed.2d 941 (1960); Billeci v. United States, 298 F.2d 703 (9th Cir. 1962).

The chain slings in use on the S.S. Birgitte Skou can not therefore be considered unseaworthy in light of the current standards. The equipment used was customary in this operation. The proof did not show that what was customary was not reasonable. Phipps v. N. V. Nederlandsche Amerikaansche, S. M., 259 F.2d 143 (9th Cir. 1958).

The court finds that the libelant should take nothing in this proceeding.

Decree to be entered accordingly.