**John L. MARSHALL, Libelant,**

v.

**OVE SKOU REDERI A/S, a corporation, and the SS BIRGITTE SKOU, her engines, hull, tackle, cargo and appurtenances thereof, Respondents,**
**The Travelers Insurance Company, a corporation, Intervenor.**

**No. 3112.**

United States District Court
S. D. Alabama, S. D.

April 24, 1968.

Ross Diamond, Jr., Diamond & Lattof, Mobile, Ala., for plaintiff.

Alex T. Howard, Jr., Mobile, Ala., for respondents.

W. Boyd Reeves, Mobile, Ala., for intervenor.

## ORDER

DANIEL HOLCOMBE THOMAS, Chief Judge.

This suit comes before the Court upon remand from the Court of Appeals, to determine the issue of damages only. The liability of the respondent is no longer in question. Marshall v. Ove Skou Rederi A/S, 378 F.2d 193 (C.A.5th, 1967).

On February 5, 1968, an evidentiary hearing was held by the Court. Both parties offered testimony and exhibits into evidence and the cause was submitted to the Court for consideration.

The libelant, a longshoreman, was injured on March 23, 1964, while loading steel cargo into the hold of the vessel, S. S. BIRGITTE. A full recitation of the facts surrounding Marshall's accident is not necessary at this late stage in the proceedings; findings of fact have been reported elsewhere. Marshall v. Ove Skou Rederi A/S, 246 F.Supp. 703 (D.C. 1965). It is sufficient to say that an unseaworthy condition aboard the vessel caused injury to his right ankle. The Court must now decide the seriousness of this injury.

Marshall has not been employed since the accident, except for a few odd jobs of short duration. He testified that he could not stand or use his ankle for any length of time without resulting swelling and pain, thus limiting his employment opportunities. There is no doubt that Marshall will never be able to return to the work of a longshoreman or perform any work of laborious nature.

The medical evidence and testimony proved that the bones in the ankle joint had been crushed by the accident. The two operations on the ankle failed to develop a complete or proper fusion of the bones. The libelant's doctor testified that another operation could not successfully relieve the constant discomfort, due to the delicate structure of the ankle bones. The libelant walks with a slight limp and the testimony is that he has a partial permanent disability of the entire body of twenty-five per cent.

The Court finds that the libelant is entitled to a judgment against the respondent in the following amounts: For past and future pain and suffering, $5,000.00. (The greater portion of this award is for past pain and suffering. Since reaching maximum recovery, the libelant's activities illustrate that he suffers very little physical discomfort.) For loss of present income, $8,525.00, and for loss of future income, $25,760.00, totaling $39,285.00 (including the amount for pain and suffering.)[1]

Therefore, it is ordered, adjudged and decreed by the Court that the libelant, John L. Marshall, have and recover from the Respondent, Ove Skou Rederi A/S, the sum of Thirty Nine Thousand Two

---

1. Damages awarded the libelant were calculated as follows:

| | |
|---|---|
| Past and future pain and suffering. | $ 5,000.00 |
| Loss of present income since accident. (Earnings during this same period of time have been deducted.) | 8,525.00 |
| Loss of future income | 25,760.00 |

(Calculated on $3,500.00 annual income basis plus 15% for future increases, totaling $4,025.00, is figure used as annual income basis.)

33⅓% of 19.2 years (remaining working years) x $4,025.00 = $25,760.00

Hundred Eighty-five Dollars ($39,285.-00).

Further ordered, adjudged and decreed by the Court that the Intervenor, Travelers Insurance Company, shall have and recover out of the amount awarded to the libelant the sum of Seven Thousand Five Hundred Dollars ($7,500.00) in satisfaction of its subrogation lien for sums paid to the libelant under the Longshoremen's and Harbor Workers' Act.